Keating-, J. (dissenting).
I would affirm the order of the Appellate Division. The Administrator clearly has discretion in determining whether a particular space enclosed by three walls and a door is a room within the meaning of the regulations here at issue. An analysis of the policy sought to be furthered by the regulations compels such a conclusion.
In formulating a regulation which provides that renovation and subdivision should be permitted only where the apartment is six rooms or more and only where there is less than one occupant per room, the Administrator sought to balance the need for more and modern apartments against the necessary eviction of a tenant during a period of declared emergency. In so doing, the Administrator decided that only where an apartment is sufficiently large in size — six rooms —would the attendant benefit — two three-room apartments — outweigh the undesirable consequence of an eviction. Obviously then, the size of an area denominated as a room is crucial.
The fact that this room is considered a “ legal ” room is completely irrelevant. The Legislature, when specifying standards for rooms, excluded buildings constructed prior to 1900 out of consideration for the owners of those dwellings who might other *564 wise have boon compelled to rocon.stnicl,. Surely ibis special consideration should not be used to defeat the policy by which the Legislature has chosen to secure a sufficient number of apartments for the residents of New York City. Moreover, the very fact that the size of the room in question would not meet present day standards is indicative of the reasonableness of the Administrator’s determination.
The last paragraph of the majority opinion sets forth the real considerations motivating reversal. In essence, the majority has determined to substitute its own judgment for that of the Administrator, thus ignoring the fact that the Legislature delegated to her and not to this court the authority to determine the circumstances under which permits to remodel and subdivide would be granted.
The reasonableness of the regulation formulated by the Administrator is not challenged nor is the validity of the delegation of authority. Yet, without considering the purpose of the legislation in this area, this court has usurped the functions of an administrative agency.
From this action I must dissent.
Chief Judge Fuld and Judges Burke, Scilepfi and Breitel concur with Judge Van Voorhis; Judge Keating dissents and votes to affirm in an opinion in which Judge Bbegan concurs.
Order of Appellate Division reversed and judgment of Special Term reinstated, with costs in this court and in the Appellate Division.